UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TRYSHATEL McCARDELL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-00439 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HOUSING AND URBAN | § | |
| DEVELOPMENT, *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## **ORDER DISMISSING STATE DEFENDANTS**

Defendants Texas Department of Housing and Community Affairs and Texas General Land Office (State Defendants) filed a Motion to Dismiss on several grounds including immunity to suit under the Eleventh Amendment. (Docket Entry No. 78). The text of that Amendment bars suits "against one of the United States by Citizens of another State." But the Supreme Court has long interpreted it to encompass a broader "principle of sovereign immunity [that acts] as a constitutional limitation on the federal judicial power." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). It thus also bars suits in federal court brought against a State by one of its own citizens. *Id.* (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). And that sovereign immunity applies not just in suits that name the State itself as a defendant, but also to suits against stage

agencies such as the General Land Office or the Department of Housing and Community Affairs. *See id*. at 100.

That immunity, however, is not absolute. Congress can attempt to abrogate that immunity and give individuals the right to sue States in federal court to vindicate rights protected from state encroachment by the Fourteenth Amendment. If Congress attempts to do so in "unmistakably clear" language, the question then becomes whether Congress acted within its power. *See Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 726-27 (2003).

The Court need not reach that second question in this case because the claims asserted against the State Defendants do not arise under laws in which Congress sought to abrogate state sovereign immunity in "unmistakably clear" language. The Supreme Court has held that 42 U.S.C. § 1983 does not abrogate the Eleventh Amendment's grant of state immunity from suit in federal courts. *See Quern v. Jordan*, 440 U.S. 332 (1979). Because a federal action to enforce rights under 42 U.S.C. § 1981 against a state actor may only be brought pursuant to section 1983, *see Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) (Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."), the section 1983 analysis also decides the section 1981 claim for Eleventh Amendment purposes. With respect to 42 U.S.C. § 1982, there is nothing in that

one-sentence statute that can be read as an unmistakable statement that Congress intended to abrogate Eleventh Amendment immunity.

The same is true of the Fair Housing Act claim (Title VIII of the Civil Rights Act) alleged in this case.  Courts addressing the issue have uniformly held that Title VIII does not abrogate Eleventh Amendment immunity.  *See, e.g.*, *Morris v. Dehaan*, 1991 WL 177995, at *3 (6th Cir. Sept. 12, 1991); *Brooks v. Oakland Univ.*, 2013 WL 6191051, at *2 (E.D. Mich. Nov. 26, 2013); *Sims v. Tex. Dep't of Hous. & Cmty. Affairs*, 2008 WL 4552784, at *1 (S.D. Tex. Oct. 7, 2008); *Gregory v. S. C. Dep't of Transp.*, 289 F. Supp. 2d 721, 724–25 (D.S.C. 2003).

The State Defendants thus enjoy immunity from all the claims asserted against them in the Third Amended Complaint.  Accordingly, the Court **GRANTS** the State Defendants' Motion to Dismiss (Docket Entry No. 78).

**IT IS SO ORDERED.**

**SIGNED this 23rd day of May, 2014.**

_____
Gregg Costa
United States District Judge