UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TRYSHATEL MCCARDELL | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-00439 |
| | § | |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**NOTICE REGARDING HEARING**

To focus the issues at the evidentiary hearing, the Court notes the following:

1. For reasons it will explain more fully in the final ruling on the motion for preliminary injunction, the Court has concluded that 42 U.S.C. § 1437p(d), which precludes the application of "any other provision of law" when "significantly fewer" public housing units are rebuilt on the location of a demolished public housing project, provides a safe harbor to the Fair Housing Act claim. *See generally Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993) ("As we have noted previously in construing statutes, the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section. Likewise, the Courts of Appeals generally have interpreted similar

'notwithstanding' language . . . to supersede all other laws, stating that [a] clearer statement is difficult to imagine." (citations and internal quotation marks omitted)). It thus prevents Plaintiff from establishing a "substantial likelihood of success" on the Section VIII claim asserted in Count Two of the Third Amended Complaint. With the dismissal of the APA claim entered today, the focus of the hearing accordingly should be on the constitutional claims asserted in Count One. The Court is still considering the effect of 42 U.S.C. § 1437p(d) on those claims, so the parties should present evidence related the merits of the Count One claims.

2. Each side will have six hours to examine witnesses. Defendants are free to allocate their six hours among themselves however they choose; otherwise the six defense hours will be allocated equally among the defendants.

3. The Court understands that it has yet to rule on the Federal Defendants' sovereign immunity defense with respect to the remaining claims. It is clear to the Court that that immunity exists for damages suits, but damages are not sought here. It is also obvious that some of the statutes asserted—such as section 1983—on their face apply only to state officials and agencies, not federal ones. The Court is still reviewing, however, whether injunctive relief can be obtained pursuant to other claims asserted, such as the Fair Housing Act claim (though as noted above, that issue may be moot given 42 U.S.C. § 1437p(d)). There is case law holding that 5 U.S.C. § 702's "waiver of sovereign immunity

applies to any suit [for injunctive relief] whether under the APA or not." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006) (rejecting the FTC's argument that the statute waived sovereign immunity only for APA claims or those challenging final agency action); *see also Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996). The Federal Defendants should be prepared to address this case law either at the hearing or in post-hearing briefing.

**SIGNED** this 6th day of June, 2014.

Gregg Costa
United States Circuit Judge*

* Sitting by designation.